IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Carolyn Thomas, | Civil Action No.: 4:15-04968-BHH |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Stryker Corporation, | |
| Defendant. | |

This matter is before the Court on Defendant's motion to dismiss (ECF No. 5). For the reasons set forth below, the motion is DENIED.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed this action on November 6, 2015, asserting product liability claims against Defendant. Defendant allegedly designed, manufactured and sold a defective T2 Gamma Nail that was placed in Plaintiff's right hip on September 30, 2014, during "a right hip trochanteric nailing of unstable 4-part subtrochanteric right femur fracture with cerclage wiring." (ECF No. 1-1 ¶¶ 2, 5, 6.) Plaintiff required surgery again on April 7, 2014 for the "removal of hardware and allografting" on her right side. (*Id.* ¶ 7.) "During the procedure, [Plaintiff's doctor] found that Defendant's nail 'easily backed out, but was discovered to be fractured at the level of the slot for the compression screw.'" (*Id.*) Plaintiff alleges she spent four days at the hospital to recover. (*Id.*) The complaint alleges causes of action for strict liability, negligence, and breach of express and implied warranties. (*Id.* ¶¶ 8–33.)

1

On December 23, 2015, Defendant filed a motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) Plaintiff responded on opposition on January 11, 2016. (ECF No. 9.)

## STANDARD OF REVIEW

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To show that the plaintiff is "entitled to relief," the complaint must provide "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. In considering a motion to dismiss under Rule 12(b)(6), the Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

2

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). Still, Rule 12(b)(6) "does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Colon Health Centers of Am., LLC v. Hazel*, 733 F.3d 535, 545 (4th Cir. 2013) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). "A plausible but inconclusive inference from pleaded facts will survive a motion to dismiss . . . ." *Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 30 (1st Cir. 2010) (Souter, J.).

## DISCUSSION

Under South Carolina law, a "products liability case may be brought under several theories, including negligence, strict liability, and warranty." *Rife v. Hitachi Constr. Mach. Co.*, 609 S.E.2d 565, 568 (S.C. Ct. App. 2005) (citations omitted). Regardless of the particular theory, a plaintiff must allege facts showing "(1) that he was injured by the product; (2) that the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant; and (3) that the injury occurred because the product was in a defective condition unreasonably dangerous to the user." *Allen v. Long Mfg. NC, Inc.*, 505 S.E.2d 354, 356 (S.C. Ct. App. 1998) (citation and internal quotation marks omitted).

Here, Defendant argues that Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it lacks factual allegations sufficient to support Plaintiff's claims. (ECF No. 5 at 1–3.) Specifically, Defendant contends that "the [c]omplaint lacks any factual information regarding how and/or in what way the hardware

3

allegedly manufactured by [] Defendant was unsafe, defective or unreasonably dangerous; nor does it contain facts relating to any negligence on the part of Defendant." (*Id.* at 3.)

Upon review of the complaint and the pleadings, the Court concludes that Plaintiff has sufficiently pled the causes of action alleged in the complaint. Plaintiff's strict liability claim alleges, *inter alia*, that "Defendant's product was in a defective condition, and/or unreasonably dangerous at the time it was inserted into Plaintiff's body" and that as a result, "Plaintiff suffered and continues to suffer actual damages." (ECF No. 1-1 ¶¶ 9, 11.) Plaintiff incorporates this allegation into her claims for negligence and breach of warranties. In her negligence claim, Plaintiff also alleges that "Defendant had a duty to exercise reasonable care to adopt a safe design of its products"—a duty Defendant breached "when it sold an unsafe, defective, and/or unreasonably dangerous product." (ECF No. 1-1 ¶¶ 15, 16.)

These allegations advance a plausible basis for relief. As Plaintiff notes in her response, she will have the opportunity to establish further facts through discovery. (ECF No. 9 at 4.) At this stage, the Court finds that the allegations set forth in the complaint are sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 679.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's motion to dismiss (ECF No. 5) is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

4

Greenville, South Carolina
April 20, 2016